RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/13/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AARON HOPE (#20042-076) | DOCKET NO. 14-CV-533, SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN CARVAJAL | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se Petitioner Aaron Hope filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner attacks his conviction and sentence imposed in the Northern District of Ohio for possession of a firearm by a felon in violation of 18 U.S.C. §922(g)(1).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Background

In 2005, Hope pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). He moved to withdraw his plea, but the court denied his motion following a hearing. Hope was sentenced as an armed career criminal to serve 180 months of imprisonment followed by three years of supervised release. The United States Sixth Circuit Court of Appeals court affirmed Hope's conviction and sentence. See United States v. Hope, No. 06-5062 (6th Cir. July 27, 2007) (unpublished).

In 2008, Hope filed a motion to vacate sentence, raising the following five grounds for relief: 1) his conviction was "obtained by use of evidence gained pursuant to an unconstitutional search and seizure"; 2) his conviction was "obtained pursuant to an illegal arrest"; 3) he was denied effective assistance of trial counsel; 4) he was subjected to a "constitutional injury" because the "[h]olding facility did not have Westlaw access," resulting in his inability to familiarize himself with the law; and 5) the district court improperly applied the Armed Career Criminal Act when sentencing him. The district court denied Hope's motion. Hope filed a notice of appeal, but his appeal was dismissed for want of prosecution. See In re: Aaron Hope, No. 10-6399, Doc.#31-2 (6th Cir. 8/5/11)(unpublished).

On November 1, 2010, Petitioner submitted to the Sixth Circuit Court of Appeals a motion for leave to file a second or successive 2255 motion, seeking to raise the following grounds for relief: 1) the district court erroneously applied the Armed Career Criminal Act sentence enhancement "for [a] prior facilitation of aggravated burglary conviction"; 2) "[t]he government's factual basis for the plea did not sustain the 'interstate commerce' element of [his] offense"; and 3) the district court erroneously counted a "nolo contendere plea for [a] prior burglary of habitation conviction as [a] predicate offense for purposes of [the Armed Career Criminal Act] enhancement provision." [6th Cir. Docket #10-6399, Doc.#1]

2

The appellate court found that Hope's motion did not satisfy the statutory criteria for filing a second or successive motion to vacate sentence. The motion was not based upon newly discovered evidence, nor was the motion based on a previously unavailable and retroactively applicable rule of constitutional law. [6th Cir. Docket #10-6399, Doc.#31-2]

### Law and Analysis

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 is not a substitute for a motion to vacate. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001), cert. denied, 534 U.S. 1001 (2001). A prisoner may use Section 2241 as the vehicle for attacking the conviction only if it appears that the remedy provided by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255. The burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. See Jeffers, 253 F.3d at 830. A prior unsuccessful Section 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make Section 2255 inadequate or ineffective.

The Sixth Circuit Court of Appeals found that Hope did not meet the savings clause; thus, Hope was not entitled to file a second or successive 2255 motion. Likewise, in his 2241 petition before this Court, Petitioner does not show that the remedy under

2255 is inadequate or ineffective.[1] He has not alleged that, based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime. See Jeffers, 253 F.3d at 830-31.

Petitioner references the Supreme Court case of United States v. Begay, 128 S. Ct. 170 (2008). To the extent that Hope argues that Begay applies retroactively, his argument was addressed by the Sixth Circuit in denying Hope's request to file a second or successive 2255 claim. "The Begay decision involves questions of statutory interpretation, and, thus, involve neither 'newly discovered evidence' nor the articulation of a new rule of constitutional law." In re: Aaron Hope, No. 10-6399, Doc.#31-2 (6th Cir. 8/5/11)(unpublished)(citations omitted).

Because Petitioner is attacking his conviction and sentence, and has specifically been denied permission from the Sixth Circuit to file a second or successive 2255 motion. Thus, the instant petition for writ of habeas corpus should be dismissed for lack of jurisdiction. See Christopher v. Miles, 342 F.3d 378 (5th Cir. 2003).

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the Petition

---

[1] The savings clause of §2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion.

4

for Writ of Habeas Corpus be **DENIED** and **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ____ day of June, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE